[Crim. No. 3965. Second Dist., Div. Three. May 3, 1946.]

THE PEOPLE, Respondent, v. JOSEPH SUNSERI, Appellant.

Gladys Towles Root for Appellant.

Robert W. Kenny, Attorney General, and Carl S. Kegley, Deputy Attorney General, for Respondent.

SHINN, J.—In a trial by the court, defendant was convicted of assault with intent to commit rape and was sentenced to state prison. He appeals from the judgment, and urges as the sole ground for reversal that the judgment is contrary to the law and the evidence.

The prosecutrix is a widow over 35 years of age and at the time of her encounter with defendant was employed at an aircraft plant in Inglewood, working from 5 p. m. until 3:30 a. m. She lived in the northern part of Los Angeles and traveled to and from work by streetcar. In the early morning hours of May 3, 1945, she alighted from a streetcar at a point seven or eight blocks from her home and had walked about a half block when she discovered defendant walking behind her. She crossed the street and recrossed it, walking rapidly, and defendant followed her, and after they had walked some distance he inquired of her, "Don't you want to be sociable?" She told him to go ahead and mind his own business and leave her alone. Defendant said, "All right, if that's the way you feel about it," and walked ahead of her slowly until they came to three vacant lots where a house was set far back from the street. Here defendant turned around and said, "Don't you want to be sociable?" and prosecutrix said, "I told you to go along and mind your own business. Leave me alone or you will get in trouble." The prosecutrix did not know defendant and had never seen him before. Up to this point there was no conflict in the account given by prosecutrix and that given by defendant. The former testified that when she last told defendant to leave her alone he hit her over the face and head with his fists, told her that if she screamed he would knock her down, and to keep quiet or he would kill her, choke her; that her upper lip was cut on the inside and front, her nose was caused to bleed, the side of her face was swollen, and that she was later treated at a hospital; that he pushed her down, pulled down the zipper on her slacks, pulled her slacks and panties down but not all the way off, and that he then made an effort to accomplish an act of intercourse with her. She testified that she called for help.

Defendant testified that he grabbed prosecutrix and threw her to the ground; that he removed her slacks part way, and opened his own trousers. He testified that she did not resist him or call for help. At this stage of the affair a policeman approached and fired two shots and, according to defendant, prosecutrix then called for help. Defendant admitted on the stand having struck prosecutrix in the face once and having attempted an act of intercourse, and he testified that he threw her to the ground with that purpose in mind. He struck her, he said, because she would not cooperate. He also testified

that he had consumed about a pint of whiskey earlier in the evening and that he was intoxicated.

The occurrence took place near the residence of the police officer, who testified for the prosecution. He was awakened shortly before 5 o'clock by a woman's call for help, clothed himself, took his gun, and went to the scene of action, some 60 to 80 feet from his house. There he saw a man standing some 15 feet from a person who was lying in the grass; the man started to run, the officer followed him, called on him to stop, and fired two shots in the air, but the man escaped. The officer returned and found defendant lying on top of the prosecutrix. Defendant refused to move from his position, saying to the officer, "What business is it of yours?" and the officer then used force to lift him to his feet. Defendant started getting rough with the officer but was subdued at the point of a gun. Defendant argued with the officer, threatened him and spoke, apparently to the other man, saying, "Let him have it, Frank [or some similar name]." The officer testified that defendant was not intoxicated.

Another witness, who lived across the hall from the officer and heard a call for help, looked out of the window and saw nothing, but immediately left the house to go to work, and arrived at the scene while defendant was lying on top of prosecutrix, whose legs were bare. He heard another man say, "Come on, Frank, let's get out of here." The witness testified that he was not "tangling up with no two men," and that he "backed away" and waited for the officer, who he knew had gone ahead of him. Defendant testified that he had no companion with him at the time.

 There is no merit whatever in this appeal. A more detailed recital of the evidence would only tend to refute the argument that defendant's conduct, while rough, was merely playful and without a criminal purpose. We concur in the statement of his counsel that "If he [defendant] was trying to rape her, then if it was coupled with an assault, there is a sufficient showing to establish guilt." But we are wholly unimpressed by the argument that there was no connection between the assault and the attempted act. The testimony of the defendant alone was enough to convict him of the offense charged. He struck the prosecutrix in the face and threw her to the ground, for the purpose of accomplishing an act of intercourse, and he persisted in his efforts until he was

interrupted and even then was unwilling to desist. The trial judge was asked to interpret the acts of defendant, described by him and the other witnesses, as a mere effort to persuade the prosecutrix to consent voluntarily to an act of intercourse. No rational analysis of the evidence could lead to that conclusion.

The judgment is affirmed.

Desmond, P. J., and Wood, J., concurred.